UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | 09-13233 |
| Jourdan River Estates, LLC a/k/a | : | |
| Jordan River Estates, LLC, | : | |
| Tax I.D. No. xx-xxx5115 | : | |
| | : | |
| | : | |

-----------------------------------------------------------------x

**APPLICATION BY THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF THE LAW FIRM OF HELLER, DRAPER, HAYDEN, PATRICK & HORN, L.L.C. AS COUNSEL FOR THE DEBTOR PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE**

Jourdan River Estates, LLC, also known as Jordan River Estates, LLC, a Louisiana Limited Liability Corporation (the "Debtor"), as debtor and debtor-in-possession, hereby submits this Application (the "Application") for Entry of an Order Authorizing the Employment and Retention of the Law Firm of Heller, Draper, Hayden, Patrick & Horn, L.L.C. ("Heller Draper" or the "Firm") as of September 18, 2009 (the "Petition Date") as Counsel for the Debtor Pursuant to Section 327(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014(a). In support of this Application, the Debtor respectfully states as follows:

**Background**

1. On the Petition Date the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses and

manage its properties as a debtor-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. Regions ("Regions") asserts a security interest in real estate owned by the Debtor as well as certain accounts, intangibles, and personal property. Regions asserts that it is owed in excess of $4,108,778.51 (the "Regions' Claim").

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4. By this Application, the Debtor seeks to employ and retain the law firm of Heller Draper as bankruptcy counsel with regard to the prosecution of this chapter 11 case and all matters arising in, arising under, or related thereto. Accordingly, the Debtor respectfully requests the entry of an order pursuant to section 327(a) of the Bankruptcy Code authorizing it to employ and retain the firm of Heller Draper as its attorneys to perform the legal services that will be necessary during this chapter 11 case. The Debtor has been informed that all members, counsel and associates of the firm of Heller Draper who will be engaged in this chapter 11 case are admitted to practice before this Court.

7. In support of this Application, the Debtor submits the Affidavit of Jan M. Hayden, a member of Heller Draper (the "Hayden Affidavit"), a copy of which is attached hereto as **Exhibit A**.

## Basis for Relief

8. The Debtor submits that the employment of Heller Draper as the Debtor's

restructuring counsel, pursuant to the terms of this Application and the parties' engagement letter, dated September 17, 2009, (the "Engagement Letter") attached hereto as **Exhibit B**, is appropriate and necessary to enable the Debtor to execute faithfully its duties as a debtor and debtor in possession and to implement a successful restructuring and reorganization of its business operations and financial affairs. Furthermore, the employment of Heller Draper as the Debtor's counsel is in the best interests of the Debtor and its estate.

9. The legal basis for the relief requested herein is sections 101 and 327 of the Bankruptcy Code and Fed. R. Bankr.P. 2014(a) and Local Rule 2014-1 of this district.

7. Under section 327(a) of the Bankruptcy Code, a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons,[1] to represent or assist the [debtor] in carrying out [its] duties under this title." 11 U.S.C. § 327(a).

### Heller Draper's Qualifications

10. The Debtor seeks to retain Heller Draper as its attorneys because of Heller Draper's experience and knowledge in the field of debtor' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Debtor submits that Heller Draper's experience and knowledge practicing before this Court will be efficient and cost effective for the estate. Moreover, Heller Draper is familiar with the

---

[1] Section 101(14) of the Bankruptcy Code defines the phrase "disinterested person" as:
   a person that—
   **(A)** is not a creditor, an equity security holder, or an insider;
   **(B)** is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
   **(C)** does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor.

Debtor and the Debtor's business and affairs. Additionally, in preparing for this case, Heller Draper has further familiarized itself with the business and affairs of the Debtor and many of the potential legal issues which may arise in the context of this chapter 11 case. Accordingly, the Debtor believes that Heller Draper is well qualified to represent it as counsel in this chapter 11 case in an efficient and timely manner.

**Services to Be Provided**

11. The professional services that Heller Draper will render as counsel to the Debtor may include, but shall not be limited to, the following:

 (a) to provide legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued management and operation of its businesses and properties;

 (b) attend meetings with representatives of the Debtor's creditors and other parties in interest;

 (c) take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on its behalf, the defense of any action commenced against the Debtor, negotiations concerning litigation in which the Debtor is involved, and objections to claims filed against the estates of the Debtor;

 (d) to prepare on behalf of the Debtor motions, applications, answers, orders, reports, and papers necessary to the administration of the Debtor's estates;

 (e) take any necessary action on behalf of the Debtor to obtain confirmation of its plan;

 (f) appear before this Court to protect the interests of the Debtor before this Court;

 (g) perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this chapter 11 case;

 (h) represent the Debtor in connection with obtaining postpetition financing, if any;

(i) advise the Debtor concerning and assisting in the negotiation and documentation of financing agreements, cash collateral orders and related transactions;

(j) investigate the nature and validity of liens asserted against the property of the Debtor, and advising the Debtor concerning the enforceability of said liens;

(k) investigate and advise the Debtor concerning, and taking such action as may be necessary to collect, income and assets in accordance with applicable law, and the recovery of property for the benefit of the estates of the Debtor;

(l) advise and assist the Debtor in connection with any potential property dispositions;

(m) advise the Debtor concerning executory contract and unexpired lease assumptions, assignments and rejections and lease restructuring and recharacterizations;

(n) assist the Debtor in reviewing, estimating and resolving claims asserted against the estate;

(o) commence and conduct litigation necessary and appropriate to assert rights held by the Debtor, protect assets of the chapter 11 estate or otherwise further the goal of completing the successful reorganization of the Debtor; and

(p) perform all other legal services for the Debtor which may be necessary and proper in these proceedings.

**Compensation Received by Heller Draper from the Debtor**

12. Heller Draper received a retainer in the amount of $20,000 from the Debtor, (of which $1,039.00 represents the actual filing fees for this case), which will be held in the retainer trust account and will serve as security for the payment of fees and expenses owed to Heller Draper in accordance with the Engagement Letter.

13. As of the filing of the petition, Heller Draper believes that the Debtor owed only amounts due for legal services and expenses incurred in connection with the consideration of and the preparation and filing of the petitions herein. Heller Draper will

include a request for payment of these fees and any expenses in its initial fee application.

## Terms of Retention

14. Subject to the Court's approval of this Application, Heller Draper intends to (a) charge for its legal services on an hourly basis in accordance with ordinary and customary hourly rates for work of the nature entailed in these cases in effect on the date services are rendered and (b) seeks reimbursement of actual and necessary expenses and other charges that Heller Draper incurs.

15. Heller Draper intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the local rules and orders of this Court. Subject to Court approval under section 327 of the Bankruptcy Code, compensation will be payable to Heller Draper on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

16. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The present hourly billing rates at Heller Draper for bankruptcy work range from $225.00-$375.00 for attorneys and $60.00-$95.00 for paralegals. The following professionals are expected to have primary responsibility for providing services to the Debtor and pursuant to the Engagement Letter, the Firm will charge for these services at the rates set forth below:

| | | |
|---|---|---|
| 1. | Jan Hayden and other Senior Partners | $375.00 |
| 2. | Other Partners | $295.00-$350.00 |
| 3. | Associates | $225.00-$260.00 |
| 4. | Paralegals | $ 60.00-$ 95.00 |

In addition, from time to time, it may be necessary for other Heller Draper professionals and paraprofessionals to provide services in connection with this engagement, and their hourly rates are generally consistent with the rates set forth above based upon their experience and qualifications.

17. In addition, the hourly rates set forth above are consistent with Heller Draper's hourly rates for work of this nature and may be adjusted by the Firm from time to time. These rates are set at a level designed to fairly compensate Heller Draper for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The Debtor also understand that Heller Draper is customarily reimbursed for all expenses incurred by it in connection with the representation of a client in a given matter, including all identifiable expenses that would not have been incurred except for their representation of the particular client.

18. It is Heller Draper's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Heller Draper's policy to charge its clients only the amount actually incurred by Heller Draper in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, facsimile transmissions, airfare, meals and lodging.

19. All of Heller Draper's fees and expenses will be subject to Bankruptcy Court approval in accordance with the Bankruptcy Code.

**Disclosure Concerning Disinterestedness**

20. To the best of the knowledge and belief of the Debtor, Heller Draper does not represent or hold any interest adverse to the Debtor or its estate and is a disinterested person as that term is defined in the Bankruptcy Code

21. To the best of the knowledge, information and belief of the Debtor, except as set forth below and disclosed in the Hayden's Affidavit, neither Heller Draper nor any member, counsel, associate, or staff thereof, (a) has any connection with the Debtor, creditors of the Debtor, the United States Trustee for the Eastern District of Louisiana (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in the chapter 11 cases or their respective attorneys or accountants; (b) is a creditor, equity security holder or insider of the Debtor; (c) is, or was within two years of the Petition Date, a director, officer or employee of the Debtor; or (d) holds or represents an interest adverse to the Debtor, the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason.

22. Accordingly, the Debtor believes that Heller Draper is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

23. The Debtor further submits that its employment of Heller Draper would be in the best interest of the Debtor and its estate.

24. Heller Draper's compliance with requirements of sections 327(a) and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 is set forth in greater detail

in the Draper Affidavit, pursuant to Bankruptcy Rules 2014 and 2016(b) and section 504 of the Bankruptcy Code, filed concurrently herewith.

**Interim and Final Approval**

25. Pursuant to Federal Rule of Bankruptcy Procedure 6003, the Debtor submits that an order granting the relief requested herein should be entered immediately because Heller Draper's services are necessary immediately in the early stages of this Chapter 11 case to avoid immediate and irreparable harm to the Debtor's businesses and its estate. In particular, without Heller Draper's immediate assistance, the Debtor lacks the knowledge or capacity to file or manage these proceedings from the onset.

26. However, in the event this Court finds that final relief cannot be granted at this time, the Debtor respectfully requests that this Court set a final hearing on this Application and enter the attached Interim Order authorizing the retention and employment of Heller Draper on an interim basis until a final hearing on this Application.

**Notice**

27. Notice of this Motion has been given to (i) the Debtor; (ii) counsel for the Debtor; (iii) the U. S. Trustee; (iv) Region and its counsel; (v) the twenty (20) largest unsecured creditors of the Debtor; and (vi) all parties who request notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

**WHEREFORE**, Jourdan River Estates, LLC, also known as Jordan River Estates, LLC, a Louisiana Limited Liability Corporation, respectfully requests that the Court enter an order (i) authorizing them to employ and retain the law firm of Heller, Draper, Hayden, Patrick & Horn, L.L.C. as their counsel, as of the Petition Date; and (ii)

and for such other and further relief as may be just and equitable.

**New Orleans, Louisiana**, this 18th day of September, 2009.

          Respectfully submitted,

          By: /s/ Earl E. Weber, Jr.
          Earl E. Weber, Jr. Principal